UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80753-Cannon/McCabe

ADRIA L. FLEITES,

     Plaintiff,

v.

HOLIDAY CVS, LLC,

     Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion in Limine to Exclude the Full Amount of Plaintiff's Medical Bills and Defendant's *Daubert* Motion to Preclude Testimony and Opinions from John Hassard.  (DE 55, DE 59).  Both motions have been referred to the undersigned by United States District Judge Aileen M. Cannon.  (DE 70).  For the reasons set forth below, the undersigned **RECOMMENDS** that the motion in limine (DE 59) be **GRANTED IN PART AND DENIED IN PART** and the *Daubert* motion (DE 55) be **DENIED**.

## I.    BACKGROUND

This is a premises liability case arising from a trip-and-fall incident in the parking lot of a vacant CVS store.  (DE 58-1).  Plaintiff alleges that Defendant, Holiday CVS, LLC ("CVS"), negligently maintained the property, causing her to trip over a chain in the parking lot and sustain injuries.  (DE 58-1 ¶¶ 18-29).  Defendant brings two motions:  (1) a motion in limine to exclude or limit evidence regarding Plaintiff's medical bills, and (2) a *Daubert* motion to preclude the testimony of Plaintiff's expert, John Hassard.

The Court will address each motion in turn.

## II.     MOTION IN LIMINE

As a general rule, courts disfavor motions in limine, as admissibility determinations should be made in the context of trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at \*1 (S.D. Fla. Feb. 27, 2013). Accordingly, a trial court should exclude evidence in limine only where the court concludes, in a pretrial setting, that the evidence cannot be admitted on any potential grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984). Where admissibility remains in doubt, evidentiary rulings should be deferred to trial to allow full consideration of foundation, relevance, prejudice, and other factors. *Lordeus v. Torres*, No. 1:17-CV-20726-UU, 2018 WL 1364641, at \*1 (S.D. Fla. Mar. 1, 2018). Moreover, even where a court issues a ruling in limine, courts frequently issue such rulings without prejudice, allowing the parties to raise the issue again at trial. *See*, *e.g.*, *Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at \*2 (S.D. Fla. July 29, 2014).

In the instant case, Defendant seeks a pretrial ruling (1) to limit evidence of Plaintiff's past, satisfied medical expenses solely to the amounts actually paid, (2) to prohibit Plaintiff from presenting evidence of unpaid past and future medical expenses unless she also includes evidence of Medicare-based reimbursement rates, and (3) to require Plaintiff to comply with the disclosure requirements of Fla. Stat. § 768.0427(3) as a condition precedent to presenting any evidence of medical expenses related to treatment under so-called "letters of protection." (DE 59 at 2).

The Court addresses each request in turn.

### A.     Satisfied Medical Expenses – Fla. Stat. § 768.0427(2)(a)

Defendant first seeks to limit evidence of Plaintiff's past, satisfied medical expenses solely to the amounts actually paid. (DE 59 at 2). As set forth below, the Court agrees that Florida law requires this limitation.

Under Florida law, a plaintiff seeking damages for medical expenses bears the burden of proving such expenses were reasonable and necessary.  *Granell v. Granell*, 940 So. 2d 513, 514 (Fla. 2d DCA 2006).  In 2023, the Florida Legislature enacted Fla. Stat. § 768.0427 to govern the admissibility of evidence concerning past and future medical expenses in personal injury and wrongful death actions.  The statute provides, in relevant part, as follows:

> **(2)   Admissible evidence of medical treatment or service expenses.**—Evidence offered to prove the amount of damages for past or future medical treatment or services in a personal injury or wrongful death action is admissible as provided in this subsection.
>
> (a)   Evidence offered to prove the amount of damages for past medical treatment or services that have been satisfied is *limited to evidence of the amount actually paid*, regardless of the source of payment.

Fla. Stat. § 768.0427(2)(a) (emphasis added).

In the medical industry, providers sometimes issue extremely high bills for their services, often referred to as "rack rates."  Many times, the providers thereafter accept, as full satisfaction of their bills, far lower amounts, often negotiated by insurance companies or other payors who do not pay the "rack rates."  By way of the new statute, the Florida Legislature has limited admissible evidence for satisfied medical expenses solely to amounts *actually paid* to satisfy such expenses.  As such, the new statute leaves no room for the introduction of higher billed amounts if the bill has been satisfied for a lower amount.  *See Alvarez v. Louis*, No. 2:24-CV-829-KCD-NPM, 2026 WL 199278, at *1 (M.D. Fla. Jan. 26, 2026) (noting that the Florida Legislature clearly intended to limit evidence of satisfied medical expenses to the amounts actually paid).

Accordingly, to the extent Plaintiff seeks to introduce evidence of higher billed amounts for medical expenses that have already been satisfied, such evidence should be excluded.  Pursuant to Florida law, Plaintiff's evidence must be limited solely to the amounts *actually paid* to satisfy past expenses.  The motion in limine should be granted on this issue.

**B.      Unpaid and Future Medical Expenses - Fla. Stat. § 768.0427(2)(b) & (c)**

Defendant next seeks to limit the types of evidence Plaintiff can introduce to prove her unpaid past and future medical expenses.  Specifically, Defendant argues that the new statute mandates that Plaintiff introduce certain evidence concerning Medicare reimbursement rates.  (DE 59 at 2, 7-12).  The statute provides, in relevant part, as follows:

> **(2)   Admissible evidence of medical treatment or service expenses.**— Evidence offered to prove the amount of damages for past or future medical treatment or services in a personal injury or wrongful death action is admissible as provided in this subsection.
>
> …
>
> (b) Evidence offered to prove the amount necessary to satisfy unpaid charges for incurred medical treatment or services *shall include, but is not limited to, evidence as provided in this paragraph.*
>
> 1. If the claimant has health care coverage other than Medicare or Medicaid, evidence of the amount which such health care coverage is obligated to pay the health care provider to satisfy the charges for the claimant's incurred medical treatment or services, plus the claimant's share of medical expenses under the insurance contract or regulation.
>
> 2. If the claimant has health care coverage but obtains treatment under a letter of protection or otherwise does not submit charges for any health care provider's medical treatment or services to health care coverage, evidence of the amount the claimant's health care coverage would pay the health care provider to satisfy the past unpaid medical charges under the insurance contract or regulation, plus the claimant's share of medical expenses under the insurance contract or regulation, had the claimant obtained medical services or treatment pursuant to the health care coverage.
>
> 3. *If the claimant does not have health care coverage or has health care coverage through Medicare or Medicaid, evidence of 120 percent of the Medicare reimbursement rate in effect on the date of the claimant's incurred medical treatment or services, or, if there is no applicable Medicare rate for a service, 170 percent of the applicable state Medicaid rate.*
>
> 4. If the claimant obtains medical treatment or services under a letter of protection and the health care provider subsequently transfers the right to receive payment under the letter of protection to a third party, evidence of the amount the third party paid or agreed to pay the health care provider in exchange for the right

4

to receive payment pursuant to the letter of protection.

> 5. *Any evidence of reasonable amounts billed to the claimant for medically necessary treatment or medically necessary services provided to the claimant.*

Fla. Stat. § 768.0427(2)(b) (emphasis added).  The statute tracks the same relevant language for future medical expenses.  *See* Fla. Stat. § 768.0427(2)(c).

Defendant argues that the "shall include" language in subsection (2)(b) means that Plaintiff, who is uninsured, must comply with subsection (2)(b)(3) by introducing evidence at trial concerning Medicare reimbursement rates.  (DE 59 at 2, 7-12).  At least two federal district courts have considered this argument and rejected it.  These courts have determined, as a matter of statutory construction, that the "shall include" language refers merely to the non-exhaustive types of evidence that "shall" be admissible to prove these damages under Florida law; the language does not impose a mandatory requirement that a plaintiff *must* introduce such evidence in any given case.  *See Jackson v. Shipes*, No. 4:25-cv-225-RH-MAF, 2026 WL 1195609, at *4 (N.D. Fla. Apr. 14, 2026) (finding that subsection (2)(b) "means evidence in those categories is admissible—nothing more and nothing less"); *Alvarez v. Louis*, 817 F. Supp. 3d 1254, 1258 (M.D. Fla. 2026) (rejecting argument that § 768.0427's "shall include" language imposes a mandatory evidentiary requirement).

This Court agrees with the decisions in *Jackson* and *Alvarez*.  The Court therefore rejects Defendant's argument that Plaintiff's evidence of unpaid past and future medical expenses *must* include evidence concerning Medicare reimbursement rates.  The motion in limine should be denied as to this issue.[1]

---

[1] The Court will not address the related issue of whether § 768.0427 should be deemed as substantive or procedural under the *Erie* doctrine.  *See Alvarez*, 2026 WL 199278, at *3 n.2 (declining to decide whether § 768.0427 is substantive or procedural).

C.      **Letter of Protection Disclosure - Fla. Stat. § 768.0427(3)**

Defendant next argues that Plaintiff must comply with the disclosure requirements of Fla. Stat. § 768.0427(3) as a condition precedent to presenting any evidence of medical expenses related to treatment rendered under letters of protection. (DE 59 at 3, 5-6, 9-12). Defendant also asks this Court to declare that Plaintiff failed to comply with Fla. Stat. § 768.0427(3). (DE 59 at 3). As set forth below, the Court declines to issue such relief.

Pursuant to Fla. Stat. § 768.0427(3), a claimant must make certain disclosures before seeking to recover medical expenses for treatment rendered under a letter of protection. In the instant case, Defendant insists that letters of protection exist and that Plaintiff has not complied with the statute. (DE 59 at 10-12). In response, Plaintiff's counsel represents that Plaintiff has made all disclosures required by the statute. (DE 66 at 3-4). Defendant provides no rebuttal to this, other than a conclusory suspicion that letters of protection exist and have not been disclosed.

To the extent Defendant asks this Court to resolve a discovery dispute by way of a motion in limine, the Court declines to do so. If Defendant wishes to exclude *specific* medical bills from the evidence of this case, Defendant should identify those bills and the basis for its belief that letters of protection exist. The instant motion does not identify any specific medical bills to be excluded. As such, the motion in limine should be denied. Defendant may raise this issue again at trial.

III.    ***DAUBERT* MOTION**

Defendant next raises a *Daubert* motion pursuant to *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 589 (1993). In that case, the Supreme Court recognized that trial courts serve an important "gatekeeping" function over the admissibility of expert testimony in accordance with Fed. R. Evid. 702, which provides as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise *if the proponent demonstrates to the court that it is more likely than not that*:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

(emphasis added).

In assessing the admissibility of expert testimony under Rule 702, the Eleventh Circuit requires district courts to engage in a three-part inquiry to determine whether:  (1) the expert is qualified to testify competently regarding the matters at issue, (2) the methodology underlying the testimony is sufficiently reliable under the principles set forth in *Daubert,* and (3) the testimony will assist the trier of fact in understanding the evidence or determining a fact in issue.  *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010).  The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.  *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005).

Here, Plaintiff proposes to call John Hassard as an expert in retail security and safety.  Mr. Hassard prepared a report with five findings:

1. CVS knew or should have known that the broken post allowed the attached chain to lay across the travel path creating a slip, trip or fall hazard.
2. CVS knew or should have known that the chain lying on the ground exposed pedestrians to an unreasonable trip and fall hazard.
3. The failure of CVS to properly use and maintain recognized caution coloring on the subject chain deprived [Plaintiff] of the protection such coloring provides and was a cause of the subject injury incident.
4. The failure of CVS to properly barricade the area around the store with appropriate fencing and signage, warning and instructing pedestrians to not enter the fenced area, deprived [Plaintiff] of the protection such barricades and signage provides and was a cause of the injury incident to occur.

7

5.      The failure of CVS to implement effective policy and procedures for inspecting the store and maintaining the premises, including the grounds surrounding the store, in a safe condition, deprived [Plaintiff] the protection of CVS policies and procedures provided and was a cause of the injury incident.

(DE 55-2).  By way of this *Daubert* motion, Defendant seeks to strike Mr. Hassard's entire opinion and preclude him from offering any testimony at trial.  (DE 55).

The Court has carefully considered Defendant's arguments regarding the alleged deficiencies in Mr. Hassard's methodology, including his reliance on photographs and the absence of testing.  In the Court's view, these criticisms go to the weight and credibility of the testimony and do not render the testimony so unreliable as to warrant wholesale exclusion under Rule 702. Defendant should make its arguments through cross-examination and the presentation of contrary evidence, not exclusion under Rule 702.  *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1285 (11th Cir. 2015) (noting that "[a]ny weaknesses in the factual underpinnings of the expert's opinion go to the weight and credibility of his testimony, not to its admissibility") (cleaned up). Accordingly, the *Daubert* motion should be denied.

## IV.      <u>RECOMMENDATION & NOTICE OF RIGHT TO OBJECT</u>

For the reasons stated above, the undersigned **RECOMMENDS** that the motion in limine (DE 59) be **GRANTED IN PART AND DENIED IN PART** and the *Daubert* motion (DE 55) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.   Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of May 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE